UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEATHER BROTHERS, INC.,**

      Plaintiff,

v.                                                                    Case No.:

**SPRINGHAUS, LLC,**

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Leather Brothers, Inc. ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant, Springhaus, LLC ("Defendant"), and states as follows:

**Nature of This Action**

1. This is a civil action for trademark infringement, unfair competition and cybersquatting arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(d), and Florida state common law.

2. Established in 1976, Plaintiff manufactures and distributes through dealers and distributors in the United States and elsewhere around the world a wide variety of pet care products, including, but not limited to, chews, beefhide knotted bones, rawhide bones and rolls, bowls, dishes, saucers, buckets, pails, and scoops

for pet food and water, treat canisters, catnip, collars, bells, couplets, muzzles, harnesses, leads, tie-outs, cords, chains, cables, stakes, trolleys, brushes, combs, clippers, scratch pads, push, vinyl, and rope toys, crates, training dummies, and whistles.

3. Plaintiff has offered products since 1997 under the brand OMNIPET®, and owns United States Trademark Registration No. 2,219,727 for the OMNIPET® mark.

4. Plaintiff has become aware that, despite Plaintiff's well-established trademark rights in the OMNIPET® mark, Defendant has recently begun using the nearly identical mark OMNIPETS in its own pet care products business in the United States, an infringement of Plaintiff's rights in the OMNIPET® mark. Despite Plaintiff's demands, Defendant has refused to cease and desist from its willfully infringing use of the OMNIPETS mark and its unfair competition. One of the largest pet expos in the world, Global Pet Expo, is scheduled for March 22-24, 2023, at the Orange County Convention Center in Orlando, Florida. Defendant is registered as an exhibitor under the OMNIPETS name at Global Pet Expo, an event at which Plaintiff will likewise be an exhibitor.

**Parties, Jurisdiction, and Venue**

5. Plaintiff is an Arkansas corporation with its principal place of business in Conway, Arkansas. Plaintiff distributes its products, including its

OMNIPET® branded products, throughout the United States, including in Florida, and elsewhere around the world.

6. Defendant Springhaus, LLC is a Delaware limited liability company with an address in Wilmington, Delaware.

7. The federal law claims of trademark infringement, unfair competition and cybersquatting asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) in that this Complaint states an action based upon a federal question relating to trademarks.

8. The state law claims of common law trademark infringement and common law unfair competition asserted in this action are so related to the federal law claims asserted in this action that they form part of the same case or controversy under Article III of the United States Constitution. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

9. This Court also has original jurisdiction over the state law claims of common law trademark infringement and common law unfair competition asserted in this action pursuant to 28 U.S.C. § 1338(b) because they are joined with substantial and related claims asserted under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

10. This Court also has diversity jurisdiction over the state law claims of common law trademark infringement and common law unfair competition asserted in this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant pursuant to Florida Statutes § 48.193(1)(a) in that Defendant is and will be engaging in a tortious act in Florida, namely, marketing and selling its goods and services in person in Florida at the Global Pet Expo at the Orange County Convention Center in Orlando, Florida, under its infringing OMNIPETS mark.  Actual confusion will likely occur at the Expo with Plaintiff incurring harm and damages in Florida, particularly since Plaintiff will also be exhibiting at the Expo.

12. Defendant also currently advertises in Florida under its infringing mark and its website ([www.omnipets.co](www.omnipets.co)) (the "Domain") displays the infringing mark and advertises its products under the infringing mark.  The website is accessible in Florida and has in fact been viewed in Florida.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, having subjected itself to personal jurisdiction in this judicial district, resides in this judicial district (see 28 U.S.C. § 1391(c)), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or

omissions giving rise to the claims asserted in this Complaint occurred or will be occurring in this judicial district.

## Common Factual Allegations

14. Established in 1976, Plaintiff manufactures and distributes through dealers and distributors throughout the United States and elsewhere around the world a wide variety of pet care products, including, but not limited to, chews, beefhide knotted bones, rawhide bones and rolls, bowls, dishes, saucers, buckets, pails, and scoops for pet food and water, treat canisters, catnip, dog collars, bells, couplets, muzzles, harnesses, leads, tie-outs, cords, chains, cables, stakes, trolleys, brushes, combs, clippers, dog treats, dog training products, scratch pads, push, vinyl, and rope toys, crates, training dummies, and whistles, cat collars, cat scratchers, cat toys.

15. Plaintiff has developed, manufactured, and continuously offered to its customers since June of 1997 a line of its pet care products under the mark OMNIPET®.

16. Plaintiff's OMINPET® products are distributed throughout the United States and elsewhere around the world, through leading retailers such as Amazon, Chewy, Wholesale Pet, Pet Food Express, A to Z Pet Supply, K&K Vet Supplies, Hollywood Feed, TJ MAX Europe, independent dealers, distributors, internet companies, chain stores, E-commerce sales, and many others.

17. On July 29, 1997, Plaintiff applied for federal registration of the OMNIPET® mark with the United States Patent and Trademark Office ("*USPTO*").

18. On January 19, 1999, the USPTO issued United States Registration No. 2,219,727 to Plaintiff for the OMNIPET® mark for "pet products, namely, collars, leashes, harnesses, tie-out chains, tie-out stakes and choke chains." A true and correct copy of the registration certificate is attached hereto as *Exhibit 1*. This registration is valid and subsisting, has not been cancelled, revoked, or abandoned, and has become incontestable as provided in 15 U.S.C. § 1065.

19. Plaintiff also uses the OMNIPET® mark for bowls, dishes, and saucers for pet food and water, collars, and leashes.

20. Plaintiff owns valuable rights and goodwill in its OMNIPET® mark.

21. Plaintiff has expended a great deal of time and money since 1997 building and promoting its business using the OMNIPET® mark resulting in substantial goodwill and consumer recognition.

22. As a result of Plaintiff's sales and advertising of its products under the OMNIPET® mark, the widespread sale of such products under the mark, and the quality of the products sold under the mark, such products have come to be, and now are, well and favorably known to the trade and public under the OMNIPET®

mark. The OMNIPET® mark is a means by which such products are identified as originating with Plaintiff.

23. As a result of Plaintiff's sales and advertising of its products under the OMNIPET® mark, the widespread sale of such products under the mark, and the quality of the products sold under the mark, valuable goodwill in the business as represented by the OMNIPET® mark has been generated. The goodwill is symbolized by the OMNIPET® mark, and Plaintiff is the owner of the goodwill and the mark.

### Defendant's Infringement

24. In February of 2023, Plaintiff discovered that Defendant was doing business under the name OMNIPETS, marketing and offering pet foods, wellness products, and other products and accessories under the OMNIPETS mark. Plaintiff was contacted by a collection agency for the State of Ohio regarding unpaid Commercial Activity Tax. The collection agency mistook Plaintiff for Defendant as a result of Defendant's use of the OMNIPETS mark.

25. Plaintiff began looking into the confusion, and discovered Defendant's OMNIPETS website at the Domain and Facebook page at www.https://www.facebook.com/Omnipetsok. Plaintiff also discovered Defendant registered to attend as an exhibitor at the Global Pet Expo at the Orange County Convention Center in Orlando, Florida, in March of 2023 under its infringing

OMNIPETS mark. Plaintiff will likewise be at the Global Pet Expo exhibiting its products, including its OMNIPET® products.

26. In the course of Plaintiff's investigation, it also discovered that Defendant had filed with the USPTO an application to register the OMNIPETS mark for "pet food" on October 31, 2022, citing a date of first use of May 5, 2021. A true and correct copy of a printout from the USPTO's Trademark Electronic Search System (TESS) with the application details is attached hereto as ***Exhibit 2***.

27. Promptly thereafter, on February 21, 2023, Plaintiff's counsel wrote to Defendant, placing Defendant on notice of Plaintiff's prior common law and federally-registered rights in the OMNIPET® mark and requesting that Defendant cease all use of the OMNIPETS mark. *See **Exhibit 3*** attached hereto. Defendant did not respond.

28. Plaintiff's counsel again wrote to Defendant on March 3, 2023, requesting a response. *See **Exhibit 4*** attached hereto. Defendant has still not responded.

29. By virtue of the foregoing, Defendant is infringing upon Plaintiff's rights in the OMNIPET® mark and unfairly competing with Plaintiff. Defendant's use in connection with its business of the OMNIPETS mark is likely to cause confusion, mistake, or deception among the trade and the public.

30. Despite Plaintiff's demands that Defendant cease and desist from its infringement and unfair competition, Defendant has intentionally, actively, and deliberately refused to comply, has not ceased and desisted from its wrongful use of the OMNIPETS mark, and has intentionally, willfully and deliberately persisted in its infringement of Plaintiff's trademark rights and unfair competition with Plaintiff.

31. Defendant's intentional and willful infringement of Plaintiff's trademark rights and unfair competition is causing irreparable injury to Plaintiff, and, unless an injunction is granted, will continue to cause irreparable injury to Plaintiff due to the confusion, mistake, and deception that will be and has been generated among the trade and the public. Plaintiff has suffered and will continue to suffer damage, the exact amount of damage being unknown to Plaintiff at this time. The damage to Plaintiff is, and will continue to be, irreparable because, among other reasons, of the continuing nature of the trademark infringement and unfair competition, which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

32. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

33. Plaintiff has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

## COUNT I
## Federal Trademark Infringement

34. Plaintiff realleges paragraphs 1-33 of this Complaint as if fully restated herein.

35. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

36. Defendant has, by virtue of its above-described acts, willfully infringed upon Plaintiff's rights in its federally-registered OMNIPET® mark in violation of 15 U.S.C. § 1114.

37. Defendant's above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that its OMNIPETS mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

38. Defendant's above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will

likely be generated among the trade and the public as a consequence of the above-described acts of infringement.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment:

(a) entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights in the OMNIPET® mark, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

(b) ordering an accounting of and awarding Plaintiff such damages, lost profits, royalties, attorneys' fees, costs, and prejudgment interest, as may be shown by the evidence;

(c) awarding up to three (3) times any actual damages sustained by Plaintiff;

(d) ordering Defendant's application for registration of OMNIPETS to be abandoned, and any registration that may issue thereon canceled;

(e) awarding Plaintiff interest on such profits and damages at the highest rate allowed by law;

(f) awarding Plaintiff costs of this action;

(g) awarding Plaintiff its reasonable attorneys' fees and costs; and

(h) awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II

## Federal Unfair Competition

39. Plaintiff realleges paragraphs 1-33 of this Complaint as if fully restated herein.

40. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

41. Defendant has, by virtue of its above-described acts, infringed upon Plaintiff's federally registered and common law rights in its OMNIPET® mark and is competing unfairly with Plaintiff by falsely designating Defendant's products as originating with Plaintiff or with a concern legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

42. Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, with the knowledge that its OMNIPETS mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

43. Defendant's above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake, or deception that will likely be generated among the

trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment:

(a) entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

(b) ordering an accounting of and awarding Plaintiff such damages, lost profits, royalties, attorneys' fees, costs, and prejudgment interest, as may be shown by the evidence;

(c) awarding up to three (3) times any damages sustained by Plaintiff;

(d) ordering Defendant's application for registration of OMNIPETS to be abandoned, and any registration that may issue thereon canceled;

(e) awarding Plaintiff interest on such profits and damages at the highest rate allowed by law;

(f) awarding Plaintiff costs of this action;

(g) awarding Plaintiff its reasonable attorneys' fees and costs; and

(h) awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
### Cybersquatting

44. Plaintiff realleges paragraphs 1 through 33 of this Complaint as if fully restated herein.

45. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

46. On information and belief, Defendant controls and/or maintains the Domain, which is confusingly similar to Plaintiff's distinctive OMNIPET® mark, and is using the said Domain with bad faith intent to profit from Plaintiff's trademark.

47. Defendant uses the Domain in connection with advertising and promoting pet-related goods and services the same or similar to those Plaintiff offers under its OMNIPET® mark.

48. Defendant's unauthorized use of OMNIPETS, including, but not limited to, through use of the Domain and website located at the Domain is likely to cause confusion, mistake or deception with regard to the origin of Defendant's goods and services and to confuse, mislead, and deceive members of the public into believing that the Domain and website located at the Domain are Plaintiff or affiliated with Plaintiff, when they are not.

49. Defendant uses and continues to use the Domain in bad faith despite its knowledge of Plaintiff's rights to the OMNIPET® mark and objection to

Defendant's infringing uses. Defendant does not have any legitimate interest in and to the infringing mark or Domain.

50. Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

51. Plaintiff has been, and will continue to be, irreparably injured by Defendant's conduct. Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant as well as any damages proven to have been caused, or any profits of Defendant that has been earned unjustly, by reason of Defendant's acts of infringement and cybersquatting.

52. WHEREFORE, Plaintiff demands judgment including a transfer of the Domain and an award of statutory damages.

## COUNT IV

**Common Law Trademark Infringement and Unfair Competition**

53. Plaintiff realleges paragraphs 1-33 of this Complaint as if fully restated herein.

54. This is an action for an injunction and for damages arising under Florida common law.

55. Plaintiff owns valuable common law rights and goodwill in its OMNIPET® mark as a result of its continuous commercial use of the mark in Florida and elsewhere.

56. Defendant has, by virtue of its above-described acts, infringed upon Plaintiff's common law trademark rights and unfairly competed with Plaintiff.

57. Defendant's above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that its OMNIPETS mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

58. Defendant's above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment:

(a) entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its

business is in any way connected with, sponsored by, or affiliated with Plaintiff;

(b) ordering an accounting of and awarding Plaintiff such damages, lost profits, royalties, costs, and prejudgment interest, as may be shown by the evidence;

(c) ordering Defendant's application for registration of OMNIPETS to be abandoned, and any registration that may issue thereon canceled;

(d) awarding Plaintiff interest on such profits and damages at the highest rate allowed by law;

(e) awarding Plaintiff costs of this action; and

(f) awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

Dated: March 10, 2023

Respectfully submitted,

/s/ J. Todd Timmerman
J. Todd Timmerman, Lead Counsel
Florida Bar No. 0956058
ttimmerman@shumaker.com
Mindi M. Richter
Florida Bar No. 0044827
mrichter@shumaker.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.: (813) 229-1660

*Counsel for Plaintiff, Leather Brothers, Inc.*